# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY R. WOODWARD,

        Plaintiff,

        v.                                                    Case No. 09-CV-300

WISCONSIN DEPARTMENT OF CORRECTIONS,
JEAN ANN VOEKS, DR. J. RICHTER,
JOHN DOE, Warden of Stanley Correctional Institution,
and JANE DOE, Health Service Unit Supervisor,

        Defendants.

# ORDER

The plaintiff, who is incarcerated at the Pearl River County Jail in Poplarville, Mississippi, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated in Wisconsin. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and for screening of the complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.75. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY R. WOODWARD,

    Plaintiff,

    v.                                Case No. 09-CV-300

WISCONSIN DEPARTMENT OF CORRECTIONS,
JEAN ANN VOEKS, DR. J. RICHTER,
JOHN DOE, Warden of Stanley Correctional Institution,
and JANE DOE, Health Service Unit Supervisor,

    Defendants.

# ORDER

The plaintiff, who is incarcerated at the Pearl River County Jail in Poplarville, Mississippi, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated in Wisconsin. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and for screening of the complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.75. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There is no heightened

pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Although the plaintiff is currently incarcerated at the Pearl River County Jail in Mississippi, the events giving rise to his complaint took place during his incarceration at the Dodge Correctional Institution ("DCI") and the Stanley Correctional Institution ("SCI"). The named defendants are the Wisconsin Department of Corrections, Jean Ann Voeks - the record custodian at SCI, Dr. J. Richter, John Doe - the warden at SCI, and Jane Doe - the Health Service Unit supervisor at SCI.

**FACTUAL BACKGROUND**

According to the complaint, the plaintiff was seen by Dr. J. Richter at DCI on May 9, 2006, at which time the plaintiff was told he was "borderline gla[u]coma, and that [he] had other problems with [his] eyes also." (Compl. 3.) Dr. Richter informed

-3-

the plaintiff that he was placing a note in the plaintiff's file indicating that he was going to be "monitored for 1 year and he was also ordering [a] follow/up appointment." *Id.* Plaintiff then states that he was told this follow-up appointment would be automatic (*i.e.*, he would be called for the appointment without asking), and that any institution he was transferred to would know of the automatic appointment, because his medical file would follow him to such institution. *Id.*

On July 14, 2006, the SCI Records Department "stamped [the plaintiff's] medical chart received right below Dr. Richter's orders." *Id.* at 4. Despite this receipt of his medical file containing the order for an automatic follow-up appointment, the plaintiff states that he was never taken for this appointment. *Id.* On October 3, 2007, the plaintiff was taken to the Health Service Unit where it was discovered that he had lost vision in his left eye. *Id.* The plaintiff states that the defendants, by failing to follow Dr. Richter's orders for a follow-up appointment to monitor his glaucoma, resulting in the loss of vision in his left eye, violated his Eighth Amendment right to freedom from cruel and unusual punishment. *Id.* For relief, the plaintiff seeks two million dollars in damages. *Id.*

## DISCUSSION

As an initial matter, the court notes that the Wisconsin Department of Corrections, as a Wisconsin state agency, is not a "person" for the purposes of § 1983, and, therefore, is not a suable entity under that statute. *Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) ("[I]t is well

established that neither a state nor a state agency . . . is a 'person' for purposes of § 1983."). Accordingly, the Wisconsin DOC will be dismissed from this action.

The court also notes that the complaint does not include facts indicating the direct, personal involvement of the SCI warden in the plaintiff's claims, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at the warden's direction or with his knowledge and consent. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under § 1983, and that statute does not create collective or vicarious responsibility. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Consequently, John Doe, the warden at SCI, will be dismissed from this action.

To establish the Eighth Amendment liability of the remaining defendants, Dr. J. Richter, Jean Ann Voeks, and the SCI Health Service Unit Supervisor, the plaintiff must show: 1) that his medical need was objectively serious; and 2) that the defendants acted with deliberate indifference to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer*, 220 F.3d at 810). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

Construed liberally, the complaint alleges that the three remaining defendants failed to provide adequate treatment for the plaintiff's glaucoma, a serious medical need. The plaintiff states that Jean Ann Voeks, as the record custodian at SCI, failed to either ensure that the plaintiff made it to his scheduled follow-up appointment, or inform the proper officials of that appointment to ensure that the plaintiff received treatment. The complaint also alleges that Jane Doe, as supervisor of the SCI Health Service Unit, similarly failed to ensure that the plaintiff received his scheduled treatment.[1] Lastly, with regard to Dr. Richter, the complaint, again

---

[1] Although the body of the complaint does not mention Jane Doe by name, it does state that the SCI "Health Service Unit failed to follow doctors [sic] orders" (Compl. 4), which the court construes as an allegation of Jane Doe's personal involvement in the alleged failure to treat the plaintiff's glaucoma. Additionally, Jane Doe's position as the supervisor of SCI's Health Service Unit justifies the inference at this stage of the proceedings that she does bear some responsibility for the alleged failure to treat the plaintiff's glaucoma. *See Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (allowing prisoner's *pro se* claim against a prison hospital administrator to continue, because that position justified inference of responsibility for alleged misconduct). If Jane Doe later "disclaims knowledge and responsibility for the alleged misconduct . . . [s]he can readily identify those who were responsible," *id.*, again justifying the allowance of the plaintiff's claims against her. As the appellate court stated in *Duncan*, "[i]f it later develops that [the administrator] was not personally involved, he is in a better position than [the plaintiff] to identify those who were." *Id.* at 656. Similarly, if it later develops that Jane Doe was not personally involved in the plaintiff's claim, she can readily identify those who were, and is certainly in a better position to do so than the plaintiff.

construed liberally, alleges that he too somehow failed to ensure that the plaintiff received proper medical care for his glaucoma. These facts, if true, may show deliberate indifference to the plaintiff's serious medical need, in violation of the Eighth Amendment. The plaintiff will be allowed to proceed on an Eighth Amendment medical care claim against Dr. J. Richter, Jean Ann Voeks, and the SCI Health Service Unit Supervisor.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Wisconsin Department of Corrections is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that defendant John Doe, the warden of the Stanley Correctional Institution, is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Dr. J. Richter, Jean Ann Voeks, and the Health Service Unit Supervisor at the Stanley Correctional Institution. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs

are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the administrator of the Pearl River County Jail in Poplarville, Mississippi shall collect from the plaintiff's prison trust account the $337.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the administrator of the Pearl River County Jail, 200 S. Main St., Poplarville, MS 39470, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard

-8-
Case 2:09-cv-00300-JPS    Filed 06/26/09    Page 8 of 9    Document 4

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge